**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD G. NOLLEN,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant - Appellee. | No. 11-35501<br><br>D.C. No. 2:10-cv-00214-JPH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Argued and Submitted June 5, 2012
Seattle, Washington

Before: SILVERMAN and MURGUIA, Circuit Judges, and HALL, District Judge.[***]

Leonard Nollen appeals the district court's grant of summary judgment in

favor of the Commissioner's denial of disability benefits. We have jurisdiction

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

pursuant to 28 U.S.C. § 1291 and review the administrative decision for substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). We affirm.

The administrative law judge gave specific reasons supported by substantial evidence in the record to support the residual functional capacity assessment. He provided a detailed summary of the medical evidence, interpreted the evidence, and made findings. He explained that he gave more weight to the treating medical records and examining physician, but gave some weight to the non-examining opinion because it was supported by the treating medical records. Because the limitations that Dr. Bagby diagnosed were limited to a twelve-month period and the ALJ's decision was made more than twelve months after Dr. Bagby's opinion, the ALJ's residual functional capacity assessment does not conflict with Dr. Bagby's recommendation.

Any error the administrative law judge made by not explaining why he found that Nollen could occasionally lift 20 pounds was harmless because the vocational expert identified specific sedentary jobs that Nollen could perform with his sedentary lower extremity limitations and testified that the reduced lifting limit would not change his opinion. *Molina*, 674 F.3d 1115 (error is harmless if the administrative law judge would have reached the same result or substantial evidence still supports the decision).

The administrative law judge properly applied the two-step rule for evaluating Nollen's testimony about subjective pain. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The administrative law judge also gave clear and convincing reasons for rejecting Nollen's testimony that he could not perform any work, finding that: (1) treatment was routine and conservative; (2) pain was pretty well controlled with medication; (3) Nollen failed to follow treatment recommendations; and (4) objective medical evidence did not support the testimony. The administrative law judge could consider these factors. *Id.* at 1040. In addition, Nollen's treating medical records support these findings.

Contrary to Nollen's assertion, the administrative law judge did not disregard Dr. Bailey's mental health assessment. The administrative law judge properly relied on Dr. Chandler's examining opinion and adopted the only mental health limitation added by Dr. Bailey's file review opinion, "superficial public contact." The administrative law judge also properly considered the checked boxes on the mental residual functional capacity assessments in context with the explanations for the checked boxes provided at the end of the form. It was not error for the ALJ to give more weight to Dr. Bailey's narrative conclusions in the functional capacity assessment section of the mental residual functional capacity assessment form, as opposed to a checked box on the psychiatric review technique

3

form.  *Cf. Molina*, 674 F.3d at 1111-12 (explaining that an administrative law judge may reject or give less weight to unexplained check-off reports).

AFFIRMED.